IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NETSIRW, INC., doing business as | ) | |
| CRYSTAL LAKE AAMCO, and | ) | |
| TIMOTHY D. ERWIN, | ) | |
| | ) | |
| Defendants. | ) | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Brian Bove, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("MWL"), and the Illinois Wage Payment and Collection Law, 820 ILCS 115/1, *et seq.*, ("IWPCA") complains of defendants Netsirw, Inc., doing business as Crystal Lake AAMCO, and Timothy D. Erwin, for their consistent failure to pay him wages he earned as their employee for work he performed in excess of forty hours per workweek.

## Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1367(a) (supplemental jurisdiction); and 29 U.S.C. § 216(b) (FLSA).

2. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2); and 29 U.S.C. § 216(b) (FLSA).

## Parties

3. Plaintiff Bove is a former employee of defendant Netsirw.

4. Netsirw is an Illinois corporation, doing business in Crystal Lake, McHenry County, Illinois, as Crystal Lake AAMCO, a franchise automobile repair and transmission service facility.

5. Defendant Erwin manages the AAMCO, and he is the corporate secretary of Netsirw. The son-in-law of Netsirw's owner and president, Edward Wristen, lives in South Barrington, Cook County, Illinois.

6. Bove, an auto technician with more than thirty years' experience including his service in the U.S. Army, began working at the AAMCO on or about July 28, 2012.

7. Initially Netsirw paid Bove $500 per week. After two months, Erwin and Bove agreed that Netsirw would pay Bove the greater of $20 per hour or a commission based on the published standard "book" rates for specific auto repairs.

8. However, Netsirw always paid him $20 per hour for forty hours per week, regardless of the number of overtime hours he worked. Netsirw never paid Bove a commission.

9. Throughout his time at the AAMCO, Bove worked from 8:00 a.m. to 6:00 p.m., Monday through Friday, and 8:00 a.m. to 4:00 p.m. on Saturdays. He usually was unable to take a lunch break.

10. Because he does not drive, Bove took an apartment across the street from the AAMCO. Erwin capitalized on Bove's situation, threatening Bove whenever Bove complained about not being paid the wages he had earned.

11. When Bove became insistent about the money defendants owed him, Erwin threatened, "There is no guarantee that anyone will be working here tomorrow."

12. Bove complained about his pay on other occasions, but Erwin merely said that he would "look into it," without ever following up.

13. On or about May 12, 2014, Bove once again complained about his pay to Erwin, who said that he would look into it. At the end of Bove's shift on May 14, 2014, Erwin fired him.

### Count 1 – Against Netsirw
### FLSA Overtime Pay

14. Paragraphs 1 through 13 are incorporated by reference.

15. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the FLSA.

16. Netsirw is an enterprise engaged in interstate commerce. 29 U.S.C. § 203(s).

17. Bove was engaged in commerce during his employment by Netsirw.

18. The FLSA requires an employer to pay a covered employee overtime pay in the amount of one and one-half his regular rate of pay for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a).

19. Netsirw consistently failed to pay Bove at all for the hours he worked in excess of forty.

20. Netsirw violated the FLSA by failing to pay overtime to Bove.

21. As the direct result of Netsirw's violation of the FLSA, Bove suffered the loss of pay.

### Count 2 – Against Netsirw
### FLSA Overtime Pay – Willful Violation

22. Paragraphs 1 through 13 are incorporated by reference.

23. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the FLSA.

24. Netsirw is an enterprise engaged in interstate commerce. 29 U.S.C. § 203(s).

25. Bove was engaged in commerce during his employment by Netsirw.

26. The FLSA requires an employer to pay a covered employee overtime pay in the amount of one and one-half his regular rate of pay for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a).

27. Netsirw consistently failed to pay Bove at all for the hours he worked in excess of forty.

28. Netsirw violated the FLSA by failing to pay overtime to Bove.

29. Netsirw's violation of the FLSA was willful.

30. As the direct result of Netsirw's willful violation of the FLSA, Bove suffered the loss of pay.

### Count 3 – Against Netsirw
### MWL Overtime Pay

31. Paragraphs 1 through 13 are incorporated by reference.

32. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the MWL.

33. The MWL requires an employer to pay an employee overtime pay in the amount of one and one-half his regular rate of pay for each hour worked in excess of forty in a workweek. 820 ILCS 105/4a(1).

34. Netsirw consistently failed to pay Bove at all for the hours he worked in excess of forty.

35. Netsirw violated the MWL by failing to pay overtime to Bove.

36. As the direct result of Netsirw's violation of the MWL, Bove suffered the loss of pay.

## Count 4 – Against Netsirw
## FLSA Retaliation

37. Paragraphs 1 through 13 are incorporated by reference.

38. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the FLSA.

39. Netsirw is an enterprise engaged in interstate commerce. 29 U.S.C. §203(s).

40. Bove was engaged in commerce during his employment by Netsirw.

41. The FLSA forbids an employer from retaliating against an employee for making a claim for wages that the employer owes the employee. 29 U.S.C. § 215(a)(3).

42. Netsirw fired Bove because he demanded wages which Netsirw owed him.

43. Netsirw violated the FLSA by firing Bove because he demanded wages which Netsirw owed him.

44. As the direct result of Netsirw's violation of the FLSA, Bove suffered damages in the form of lost back pay and emotional distress.

## Count 5 – Against Netsirw
## IWPCA Wages

45. Paragraphs 1 through 13 are incorporated by reference.

46. The IWPCA enforces agreements by which an employer agrees to pay wages to an employee as compensation for his work. 820 ILCS 115/2, 115/3.

47. Netsirw and Bove agreed that Netsirw would pay Bove at least $20 per hour for all hours he worked.

48. Despite the fact that Bove worked approximately fifty-eight hours per week on a regular basis, Netsirw only paid him for forty hours each week.

49. Netsirw's failure to pay Bove for all the hours he worked at the rate of $20 per hour violated the IWPCA.

50. As the direct result of Netsirw's failure to pay Bove in compliance with their agreement, Bove suffered damages in the form of lost wages.

### Count 6 – Against Netsirw
### IWPCA Retaliation

51. Paragraphs 1 through 13 are incorporated by reference.

52. The IWCPA prohibits an employer from discharging an employee in retaliation for demanding wages that the employer owes to the employee pursuant to their agreement. 820 ILCS 115/14(c).

53. Netsirw fired Bove in retaliation for his demanding the wages Netsirw owed him pursuant to their agreement.

54. Netsirw violated the IWCPA by firing Bove.

55. As the direct result of Netsirw's violation of the IWCPA, Bove suffered damages in the form of lost wages and emotional distress.

### Count 7 – Against Erwin
### FLSA Overtime Pay

56. Paragraphs 1 through 13 are incorporated by reference.

57. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the FLSA.

58. Netsirw is an enterprise engaged in interstate commerce. 29 U.S.C. § 203(s).

59. Bove was engaged in commerce during his employment by Netsirw.

60. The FLSA requires an employer to pay a covered employee overtime pay in the amount of one and one-half his regular rate of pay for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a).

61. At Erwin's direction, Netsirw consistently failed to pay Bove at all for the hours he worked in excess of forty.

62. Erwin was acting in the interests of Netsirw when directed Netsirw not to pay Bove for his overtime hours, and so Erwin was Bove's employer as defined in the FLSA. 29 U.S.C. § 203(d)

63. Erwin violated the FLSA by failing to pay overtime to Bove.

64. As the direct result of Erwin's violation of the FLSA, Bove suffered the loss of pay.

### Count 8 – Against Erwin
### FLSA Overtime Pay – Willful Violation

65. Paragraphs 1 through 13 are incorporated by reference.

66. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the FLSA.

67. Netsirw is an enterprise engaged in interstate commerce. 29 U.S.C. § 203(s).

68. Bove was engaged in commerce during his employment by Netsirw.

69. The FLSA requires an employer to pay a covered employee overtime pay in the amount of one and one-half his regular rate of pay for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a).

70. At Erwin's direction, Netsirw consistently failed to pay Bove at all for the hours he worked in excess of forty.

71. Erwin was acting in the interests of Netsirw when directed Netsirw not to pay Bove for his overtime hours, and so Erwin was Bove's employer as defined in the FLSA. 29 U.S.C. § 203(d)

72. Erwin violated the FLSA by failing to pay overtime to Bove.

73. Erwin's violation of the FLSA was willful.

74. As the direct result of Erwin's willful violation of the FLSA, Bove suffered the loss of pay.

### Count 9 – Against Erwin
### MWL Overtime Pay

75. Paragraphs 1 through 13 are incorporated by reference.

76. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the MWL.

77. The MWL requires an employer to pay an employee overtime pay in the amount of one and one-half his regular rate of pay for each hour worked in excess of forty in a workweek. 820 ILCS 105/4a(1).

78. At Erwin's direction, Netsirw consistently failed to pay Bove at all for the hours he worked in excess of forty.

79. Erwin was acting in the interests of Netsirw when directed Netsirw not to pay Bove for his overtime hours, and so Erwin was Bove's employer as defined in the MWL. 820 ILCS 105/3(c).

80. Erwin violated the MWL by failing to pay overtime to Bove.

81. As the direct result of Erwin's violation of the MWL, Bove suffered the loss of pay.

## Count 10 – Against Erwin
## FLSA Retaliation

82. Paragraphs 1 through 13 are incorporated by reference.

83. Netsirw was Bove's employer, and Bove was Netsirw's employee, as those terms are defined within the FLSA.

84. Netsirw is an enterprise engaged in interstate commerce. 29 U.S.C. §203(s).

85. Bove was engaged in commerce during his employment by Netsirw.

86. The FLSA forbids an employer from retaliating against an employee for making a claim for wages that the employer owes the employee. 29 U.S.C. § 215(a)(3).

87. Erwin fired Bove because he demanded wages which Netsirw owed him.

88. Erwin was acting in the interests of Netsirw when he fired Bove, and so Erwin was Bove's employer as defined in the FLSA. 29 U.S.C. § 203(d).

89. Erwin violated the FLSA by firing Bove because he demanded wages which Netsirw owed him.

90. As the direct result of Netsirw's violation of the FLSA, Bove suffered damages in the form of lost back pay and emotional distress.

## Count 11 – Against Erwin
## IWPCA Wages

91. Paragraphs 1 through 13 are incorporated by reference.

92. The IWPCA enforces agreements by which an employer agrees to pay wages to an employee as compensation for his work. 820 ILCS 115/2, 115/3.

93. Netsirw and Bove agreed that Netsirw would pay Bove at least $20 per hour for all hours he worked.

94. Despite the fact that Bove worked approximately fifty-eight hours per week on a regular basis, Netsirw only paid him for forty hours each week.

95. Erwin was acting as Netsirw's agent when he knowingly failed to pay Bove for the hours he worked in excess of forty each week, and therefore, he was Bove's employer within the meaning of the IWPCA. 820 ILCS 115/13.

96. Erwin's failure to pay Bove for all the hours he worked at the rate of $20 per hour violated the IWPCA.

97. As the direct result of Erwin's failure to pay Bove in compliance with their agreement, Bove suffered damages in the form of lost wages.

### Count 12 – Against Erwin
### IWPCA Retaliation

98. Paragraphs 1 through 13 are incorporated by reference.

99. The IWCPA prohibits an employer from discharging an employee in retaliation for demanding wages that the employer owes to the employee pursuant to their agreement. 820 ILCS 115/14(c).

100. Erwin fired Bove in retaliation for his demanding the wages Netsirw owed him pursuant to their agreement.

101. Erwin was acting as Netsirw's agent when he knowingly fired Bove for demanding the wages Netsirw owed him, and therefore, Erwin was Bove's employer within the meaning of the IWPCA. 820 ILCS 115/13.

102. Erwin violated the IWCPA by firing Bove.

103. As the direct result of Erwin's violation of the IWCPA, Bove suffered damages in the form of lost wages and emotional distress.

WHEREFORE, plaintiff Brian Bove requests the Court grant judgment in his favor against defendants Netsirw, Inc., d/b/a Crystal Lake AAMCO, and Timothy Erwin, and enter an order granting him:

A. Damages for lost wages;

B. Liquidated damage in amount equal to his lost wages;

C. Interest in the amount of 2% per month calculated from when each of his wage payments were due;

D. Damages for emotional distress;

E. His reasonable attorneys' fees; and

F. The costs of this action.

## JURY DEMAND

Plaintiff demands a trial by jury on each claim for which such right is afforded by law.

*s/ Andrew H. Haber*
One of Plaintiff's Attorneys

Dennis R. Favaro
*dfavaro@favarogorman.com*
Patrick J. Gorman
*pgorman@favarogorman.com*
Andrew H. Haber
*ahaber@favarogorman.com*
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060